**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRISTAL MASCIOCCHI BISSETT,** | : | |
| **Plaintiff** | : | **No. 1:18-cv-01907** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **VERIZON WIRELESS and** | : | |
| **BRANDON SHANE KOSTICK,** | : | |
| **Defendants** | : | |

### MEMORANDUM

## I.    BACKGROUND

Presently before the Court is Defendant Verizon Wireless ("Defendant Verizon")'s

motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

(Doc. No. 4.)  For the reasons that follow, the Court will grant the motion and dismiss all of

Plaintiff's claims against Defendant Verizon, with the exception of Plaintiff's breach of contract

claim asserted at Count VI of the complaint, with prejudice, and dismiss Plaintiff's breach of

contract claim without prejudice to Plaintiff's right to file an amended complaint as to this claim.

### A.    Factual Background[1]

In December of 2015, Plaintiff Kristal Masciocchi Bissett ("Plaintiff") went to a Verizon

Wireless store in Shrewsbury, York County, Pennsylvania to purchase a cellular phone from

Defendant Verizon.  (Doc. No. 1-3 ¶¶ 4-5.)  While at this store, Plaintiff was assisted by

Defendant Brandon S. Kostick ("Defendant Kostick"), an employee of Defendant Verizon.  (Id.

¶ 6.)  During her first visit to Defendant Verizon's store, Plaintiff "was asked to provide her

cellular telephone number and the last 4 numbers of her social security number."  (Id. ¶ 7.)

Plaintiff left the store and subsequently returned to the store "on December 9, 2015, to obtain her

---

[1] Unless otherwise noted, the factual account provided herein is derived from Plaintiff's complaint.  (Doc. No. 1-3.)

cellular telephone and to have all of her data transferred" from her current phone to her newly purchased phone.  (Id. ¶ 8.)  When Plaintiff returned to the store to retrieve her new phone, Defendant Kostick approached Plaintiff and "read back to her [her] telephone number and last 4 [digits] of her social security number."  (Id. ¶ 10.)  Defendant Kostick "then took [Plaintiff's] existing [] phone and started transferring all of her data" onto her newly purchased phone, and the procedure for transferring the data "took abnormally longer than expected."  (Id. ¶¶ 10-12.)  While the data was being transferred, "Plaintiff heard numerous text alerts sounding from [Defendant] Kostick's" phone, and another employee approached Plaintiff and Defendant Kostick while laughing and commenting that Defendant Kostick "'must be late for a meeting' to explain the numerous text alerts."  (Id. ¶¶ 13-14.)

　　After leaving the Verizon store, Plaintiff attempted to use her phone to send a text message to her son when "she noticed that about 14 text messages were sent to an unknown telephone number."  (Id. ¶¶ 15-16.)  Plaintiff "then viewed the electronic text messages and saw that the images were of private nude photos of her being sent to the unknown number without her knowledge, consent[,] or authorization."  (Id. ¶ 17.)  Plaintiff's legal counsel then reported this matter to the Pennsylvania State Police, and Defendant Kostick subsequently "admitted to texting the photos from" Plaintiff's phone "to his telephone number without her knowledge, consent[,] or authorization."  (Id. ¶¶ 18-20.)  On approximately March 9, 2016, Defendant Kostick was charged with the following criminal offenses under Pennsylvania law: computer theft in violation of Pa. Cons. Stat. § 7613; designing/copying obscene or sexual materials in violation of Pa. Cons. Stat. § 5903; and invasion of privacy in violation of Pa. Cons. Stat. § 7507.1.  (Id. ¶ 20.)  Defendant Kostick pled guilty to the charges of designing/copying obscene material and invasion of privacy in June of 2017, and in October of 2017, the court adjudicating

Defendant Kostick's case permitted him "to withdraw his guilty plea after realizing that he would be labeled a sexual predator." (Id. ¶¶ 21-22.) In December of 2017, Defendant Kostick entered a guilty plea as to the charge of designing/copying obscene materials, "and received a sentence of 18 months probation[,] 50 hours of community service[,] and to be subject to the sexual offender conditions." (Id. ¶ 23.)

## B. Procedural Background

On August 30, 2018, Plaintiff filed suit against Defendants in the Court of Common Pleas of York County by filing an eight-count complaint setting forth the following claims: unlawful computer duplication (Count I); unlawful use of a computer and other computer crimes (Count II); unlawful transmission of electronic mail (Count III); computer theft (Count IV);[2] breach of fiduciary duty (Count V); breach of contract (Count VI); civil conspiracy (Count VII); and vicarious liability under the doctrine of respondeat superior (Count VIII). (Doc. No. 1-3.) On September 28, 2018, Defendant Verizon filed a notice of removal and removed the case to this Court on the basis of federal diversity jurisdiction. (Doc. No. 1.) Defendant Verizon then filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) in October of 2018. (Doc. No. 4.) A review of the docket in this matter reveals that, to date, Defendant Kostick has not entered an appearance in this matter, nor has counsel entered an appearance on his behalf. Having been fully briefed, Defendant Verizon's motion to dismiss is ripe for disposition.

_____

[2] As to Counts I through IV, Plaintiff's complaint appears to assert these claims through the portions of Pennsylvania's criminal code that pertain to unlawful computer duplication, the unlawful use of a computer, and the unlawful transmission of electronic mail, respectively. While Defendant Verizon asserts that these criminal statutes do not authorize private causes of action, in light of the Court's conclusion as to the inapplicability of respondeat superior explained infra, the Court need not address whether these criminal statutes permit a private right of action in this case.

## II.    LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  The Court's inquiry is guided by the standards of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To avoid dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id.  The plausibility standard requires more than a mere possibility that the Defendant is liable for the alleged misconduct.  As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u>, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." <u>See</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted) (quoting 5B Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1357 (3d ed. 2004)).

## III. DISCUSSION[3]

---

[3] Each of Plaintiff's claims is based on Pennsylvania law. Accordingly, the Court analyzes the sufficiency of Plaintiff's claims in accordance with Pennsylvania law. <u>See, e.g.</u>, <u>Fry v. Phoenix Ins. Co.</u>, 54 F. Supp. 3d 354, 361 (E.D. Pa. 2014) ("When exercising diversity jurisdiction, a federal court sitting in Pennsylvania must predict how the Supreme Court of Pennsylvania would decide questions of state law.").

Defendant Verizon moves for dismissal of Plaintiff's complaint under Rule 12(b)(6) on the following grounds: (1) Counts I-V and VII-VIII are untimely; (2) "the complaint admits to facts establishing that [Defendant] Kostick's alleged conduct was outside the scope of his employment and thus [Defendant Verizon] cannot be vicariously liable" for any of the claims asserted against it; and (3) the complaint "otherwise fails to state any viable claims." (Doc. No. 4 at 5, 7, 9.) The Court first addresses the applicability of the doctrine of respondeat superior to Plaintiff's claims against Defendant Verizon for unlawful computer duplication, unlawful use of a computer and computer crimes, unlawful transmission of electronic mail, and computer theft, respectively asserted at Counts I-IV, VII, and VIII of the complaint, and then examines the sufficiency of Plaintiff's claims against Defendant Verizon for breach of fiduciary duty and breach of contract, which are asserted at Counts V and VI of the complaint, respectively.

**A.     Applicability of Respondeat Superior to Counts I-IV, VII, and VIII**

**1.     Applicable Legal Standard**

Pennsylvania law recognizes the theory of respondeat superior, under which "an employer is liable for torts of its employees 'which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment.'" See Kilbride Invs. Ltd. v. Cushman & Wakefield of Pa., Inc., 294 F. Supp. 369, 377 (E.D. Pa. 2018) (quoting Costa v. Roxborough Mem'l Hosp., 708 A.2d 490, 493 (Pa. Super. Ct. 1998)). "This applies to intentional conduct as well as negligent conduct." Id. (quoting Shaup v. Jack D's, Inc., No. 03-cv-5570, 2004 WL 1837030, at *2 (E.D. Pa. Aug. 17, 2004)). "The conduct of an employee is considered 'within the scope of employment' for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; [and] (3) it is actuated, at least in part,

by a purpose to serve the employer." Vicky M. v. Ne. Educ. Intermediate Unit 19, 486 F. Supp. 2d 437, 461-62 (M.D. Pa. 2007) (quoting R.A. ex rel. N.A. v. First Church of Christ, 748 A.2d 692, 699 (Pa. Super. Ct. 2000)). "If the facts fail to support a reasonable inference that the employee was acting in furtherance of his employer's business, the servant's conduct falls outside the scope of his employment as a matter of law." Shaup, 204 WL1837030, at *2 (citing Lezotte v. Allegheny Health Educ. & Research Found., No. 97-cv-4959, 1998 WL 218086, at *13-15 (E.D. Pa. May 1, 1998)).

## 2.    Arguments of the Parties

Defendant Verizon states that while the claims against it "are premised on the theory of respondeat superior, [] the allegations confirm that [Defendant Verizon] cannot be liable on that basis because [Defendant] Kostick's alleged criminal conduct was not within the scope of his employment." (Doc. No. 4 at 13.)[4]  To that end, Defendant Verizon states that the complaint contains no facts to substantiate the legal conclusion that Defendant Kostick's "actions were fairly, or even remotely, of a kind and nature that he was employed to perform or that they were motivated by a purpose to serve Verizon Wireless." (Id. at 14.)  Defendant Verizon states that "the alleged act of sending himself nude photos of [Plaintiff] from her phone could have only been for [Defendant Kostick's] personal reason" and "[m]oreover, because his actions

_____

[4] Defendant Verizon appears to move for dismissal of all claims on the ground that respondeat superior liability is inapplicable.  (Doc. No. 4 at 13) (stating that this Court should dismiss "all claims against" it because there is no basis for vicarious liability under the doctrine of respondeat superior).  The Court, however, finds that it would be inappropriate to consider this argument as a basis for dismissal of all of Plaintiff's claims against Defendant Verizon because Defendant Verizon asserts an additional, distinct basis for dismissal of Plaintiff's breach of fiduciary claim – that it is barred by the gist of the action doctrine – and as to Plaintiff's breach of contract claim, the doctrine of respondeat superior would be inapposite.  See, e.g., Young v. Bethlehem Area Sch. Dist., No. 06-cv-2285, 2007 WL 674617, at *12 (E.D. Pa. Feb. 28, 2007) ("[I]t would make no sense to involve the doctrine of respondeat superior (which establishes vicarious liability for negligence) in a claim for breach of contract.").  Accordingly, the Court analyzes Plaintiff's claims for breach of fiduciary duty and breach of contract separately.

constituted criminal conduct victimizing a Verizon Wireless customer, they furthered no purpose of his employment." (Id.)[5]

Plaintiff argues in response that the complaint sets forth a sufficient basis for respondeat superior liability because "[i]mplicit in [Defendant] Kostick's employment with Verizon Wireless is an express agency relationship creating a fiduciary duty to Plaintiff, lying in contract, to safely and privately transfer files from one telephone to another and not to appropriate, retain, improperly transfer . . . or distribute the contents of Plaintiff's telephone to himself or any third-parties." (Doc. No. 10 at 2-3.) Plaintiff further argues that, in addition to the existence of a principal-agent relationship between Defendant Verizon and Defendant Kostick, the facts of this case, when compared to the relevant law as to the scope of employment for purposes of respondeat superior, demonstrate that Defendant Kostick's illicit transfer of Plaintiff's data from her phone was carried out within the scope of his employment with Verizon because: he "was employed to perform the kind of work . . . [that] Plaintiff expected to be done, namely, the transfer of her private and personal data from one phone to another"; the transfer of data "occurred at a Verizon Wireless store location, substantially within the authorized time and space limits create by virtue of the agency agreement"; and "the transfer of data was, in part, effectuated to serve the employer." (Id. at 3-4.)[6]

_____

[5] In support of this point, Defendant Verizon asserts that "courts in this circuit have rejected the exact premise underlying [Plaintiff's] claims" and have held "that an employer cannot be liable for an employee's criminal conduct taken to benefit the employee." (Doc. No. 4 at 14) (citing Amberg-Blyskal v. Transp. Sec. Admin., 832 F. Supp. 2d 445, 448-49 (E.D. Pa. 2011); Schecter v. Merchs. Home Delivery, Inc., 892 A.2d 415, 429 (D.C. 2006); Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 39 (Pa. Super. Ct. 2000)).

[6] In its reply brief, Defendant Verizon states that "[t]he [c]omplaint does not allege that [Defendant] Kostick advanced his employer's interest by sending Plaintiff's photos to his phone, and Plaintiff cites no case law suggesting the [] employer may be liable under the facts alleged." (Doc. No. 11 at 5) (asserting that Plaintiff "instead argues without explanation that 'the transfer of data was, in part, effectuated to serve the employer'" (quoting Doc. No. 10 at 4)).

**3. Whether the Court Should Dismiss Counts I-IV, VII, and VIII of Plaintiff's Complaint Because Defendant Verizon Cannot Be Held Vicariously Liable by Operation of the Doctrine of Respondeat Superior**

Upon review of Plaintiff's complaint, the parties' arguments, and the applicable law, the Court will dismiss all of Plaintiff's claims against Defendant Verizon because respondeat superior liability is inapposite in this case and, consequently, Defendant Verizon cannot be held vicariously liable as a matter of law for the conduct committed by Defendant Kostick that has given rise to this suit. As stated <u>supra</u>, for respondeat superior to be applicable, Defendant Kostick's conduct must have occurred in the scope of his employment, which, in turn, requires that the following elements be satisfied: (1) the conduct was "of a kind and nature" that Defendant Kostick was "employed to perform"; (2) the conduct occurred "substantially within the authorized time and space limits" of Defendant Kostick's employment; and (3) the conduct was "actuated, at least in part, by a purpose to serve the employer[,]" Defendant Verizon. <u>See</u> <u>Vicky M.</u>, 486 F. Supp. 2d at 461-62 (quoting <u>First Church of Christ</u>, 748 A.2d at 699).

In this case, the Court finds no dispute as to whether the second element has been met because the conduct clearly occurred during regular hours of operation at a store operated by Defendant Verizon. (Doc. No. 1-3 ¶¶ 8-11.) The Court is unpersuaded, however, that Plaintiff has alleged facts that could plausibly demonstrate that either the first or third element has been satisfied in this case. First, the conduct at issue is not "of a kind and nature" that Defendant Kostick was "employed to perform" for purposes of vicarious liability. While the parties disagree as to how to characterize the conduct at issue for purposes of the instant analysis,[7] the

---

[7] Defendant Verizon describes the relevant conduct as "the alleged act of [Defendant Kostick] sending himself nude photos of [Defendant] from her phone." (Doc. No. 4 at 14.) Plaintiff, however, advances the position that the action in question is Defendant Kostick's "transfer of [Plaintiff's] private and personal data from one phone to another." (Doc. No. 10 at 4.)

Court finds that the relevant conduct consists of Defendant Kostick's illicit transfer of Plaintiff's photos by sending them to his phone number, rather than the more general act of transferring data from Plaintiff's previous phone to her newly purchased phone. See Spitsin v. WGM Transp., Inc., 97 A.3d 774, 777-78 (Pa. Super. Ct. 2014) (focusing on the harmful conduct allegedly committed by the employee for purposes of determining the applicability of respondeat superior); Brezenski, 755 A.2d at 39 (acknowledging that respondeat superior liability is predicated on the "wrongful act[] of an employee"). Moreover, this conduct clearly is not of the sort that Defendant Kostick would have been employed to perform because Defendant Verizon presumably did not expect Defendant Kostick to engage in the act of surreptitiously obtaining private images from Plaintiff's phone. See, e.g., Spitsin, 97 A.3d at 782 (holding that vicarious liability was inapplicable where the employee, a taxi-cab driver, had assaulted the plaintiff, who attempted to flee without paying his cab fare, and commenting that the employee's "nominal task was to collect fares, not necessarily to pursue those who attempted to flee without paying and take payment by brute force").[8]

---

[8] In Spitsin, the Superior Court of Pennsylvania examined the applicability of respondeat superior in reviewing a trial court's order sustaining preliminary objections to a complaint. See Spitsin, 97 A.3d at 775. In that case, the plaintiff sought to recover from WGM, a taxi cab company, under vicarious liability after one of its employees physically assaulted Spitsin while Spitsin attempted to flee a taxi cab without paying the taxi fare. See id. at 775.

In affirming the lower court's order sustaining preliminary objections to the complaint, the Superior Court reviewed the state of the law in Pennsylvania for purposes of determining whether conduct occurs within the scope of one's employment, and, of note for purposes of this case, emphasized that the employee's behavior, absent some instruction from his employer to act in that manner, was "excessive and so dangerous as to be totally without responsibility or reason" and, consequently, was not within the scope of his employment for purposes of vicarious liability. See id. at 781. This analysis is instructive in the instant case, where Defendant Kostick's alleged conduct clearly falls outside the parameters of what would have been expected of him by Defendant Verizon, because Defendant Kostick's conduct presumably did not result from any type of instruction on the part of Defendant Verizon to act in the manner described by Plaintiff in her complaint.

The Court is similarly unconvinced that Defendant Kostick's conduct was actuated in part by the purpose of serving Defendant Verizon. <u>See</u> <u>McClain v. Citizen's Bank, N.A.</u>, 57 F. Supp. 3d 438, 441 (E.D. Pa. 2014) (declining to permit claim for vicarious liability against employer-bank where bank employee used the bank's record keeping system to view the bank records of the plaintiff, another bank employee, and stating that "the court is at a loss to postulate any business purpose for her conduct" because "[w]hile it may be true that [the employee's] job responsibilities required her to have access to [the] plaintiff's financial information for business purposes, her conduct in this instance simply cannot be said to impose vicarious liability on [the] defendants"). Indeed, there is no conceivable explanation as to why the conduct giving rise to this case would serve Defendant Verizon's business; the Court finds Defendant Kostick's conduct to be analogous to that considered by Pennsylvania courts to be sufficiently "outrageous or whimsical" that it falls outside the scope of Defendant Kostick's employment. <u>See</u> <u>First Church of Christ</u>, 748 A.2d at 699-700 (synthesizing case law holding "that an assault committed by an employee upon another for personal reasons or in an outrageous manner is not actuated by an intent to perform the business of the employer, and as such, is not within the scope of employment"). Accordingly, the Court finds that Defendant Kostick was not acting within the scope of his employment with Defendant Verizon when he committed the conduct at issue in this case. As a result, because Defendant Verizon cannot be held liable by operation of respondeat superior liability, the Court will grant Defendant Verizon's motion to dismiss on this ground and dismiss Counts I, II, III, IV, VII, and VIII of Plaintiff's complaint with prejudice.[9]

---

[9] The United States Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." <u>See</u> <u>Phillips</u>, 515 F.3d at 236 (citing <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."

## B. Plaintiff's Claim for Breach of Fiduciary Duty (Count V)

The Court acknowledges that in Count V of the complaint, Plaintiff asserts an additional claim against Defendant Verizon sounding in tort: a claim for breach of fiduciary duty. Because Defendant Verizon asserts an additional basis for dismissal of this claim on the basis of the gist of the action doctrine, the Court addresses the breach of fiduciary claim separately from the claims discussed <u>supra</u>.

### 1. Applicable Legal Standard

"Under Pennsylvania law, '[t]he general test for determining the existence of . . . a [fiduciary] relationship is whether it is clear that the parties did not deal on equal terms.'" <u>Doe v. Liberatore</u>, 478 F. Supp. 2d 472, 765 (M.D. Pa. 2007) (quoting <u>Frowen v. Blank</u>, 425 A.2d 412, 416 (Pa. 1981)). "Indeed, a fiduciary relationship 'is not confined to any specific association of the parties.'" <u>Id.</u> (quoting <u>Leedom v. Palmer</u>, 117 A. 410, 411 (Pa. 1922)). "Rather, a fiduciary relationship will be found to exist 'when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence, or trust, justifiably reposed; in both an unfair advantage is possible." <u>Id.</u> at 766 (quoting <u>Leedom</u>, 117 A. at 411). "A fiduciary duty 'is the highest duty implied by law' and exists in legal relationships requiring trust and confidence, where it is often enforced by tort actions." <u>Retina Assocs. of Greater Phila., Ltd. v. Retinovitreous Assocs., Ltd.</u>, 176 A.3d 263, 280 (Pa. Super. Ct. 2017) (quoting <u>Yenchi v. Ameriprise Fin., Inc.</u>, 161 A.3d 811, 819-20 (Pa. 2017)).

---

<u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir. 2000) (citing <u>Smith v. NCAA</u>, 139 F.3d 180, 190 (3d Cir. 1998), <u>rev'd on other grounds</u>, 525 U.S. 459 (1999)). In light of the Court's reasoning herein as to the application of vicarious liability, the Court finds that permitting amendment of as to these claims would be futile, and, therefore, will dismiss these claims with prejudice.

While Pennsylvania law recognizes the cause of action of breach of a fiduciary duty, the gist of the action doctrine may also bar this claim in certain instances. The gist of the action doctrine "precludes a tort claim 'based on [a] party's actions undertaken in the course of carrying out a contractual agreement . . . when the gist or gravamen of the cause of action . . . although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations.'" See DePuy Synthes Sales, Inc. v. Globus Med., Inc., 259 F. Supp. 3d 225, 233-34 (E.D. Pa. 2017) (alterations in original) (quoting Bruno v. Erie Ins. Co., 106 A.3d 48, 53 (Pa. 2014)). "The simple existence of a contract between two parties 'does not, ipso facto, classify a claim by a contracting party for injury or loss suffered as a result of the actions of the other party in performing the contract as one for breach of contract.'" Id. at 234 (quoting Bruno, 106 A.3d at 69). "The doctrine, however, forecloses a party's pursuit of a tort action for the mere breach of contractual duties, 'without any separate or independent event giving rise to the tort.'" Id. (quoting Smith v. Lincoln Benefit Life Co., No. 08-cv-01324, 2008 WL 789900, at *20 (W.D. Pa. Mar. 23, 2009), aff'd, 395 F. App'x 821 (3d Cir. 2010)). "[T]o evaluate whether the gist of the action doctrine applies, a court must identify the duty breached, because 'the nature of the duty alleged to have been breached . . . [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract.'" Id. (quoting Downs v. Andrews, 639 F. App'x 816, 819 (3d Cir. 2016)). With respect to the applicability of the gist of the action doctrine, "[t]ort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." See Williams v. Hilton Grp. PLC, 93 F. App'x 384, 386 (3d Cir. 2004) (quoting eToll, Inc. v. Elias/Savion Advert., 811 A.2d 10 (Pa. Super. Ct. 2002)).

## 2.    Arguments of the Parties

Defendant asserts that Plaintiff fails to state a legally cognizable claim for breach of fiduciary duty against it because it "alleges no agency or other fiduciary relationship and is barred by the gist-of-the-action doctrine." (Doc. No. 4 at 17.) In support of this proposition, Defendant Verizon states that the customer agreement setting forth the terms of service between Verizon Wireless and Plaintiff does not provide any indication that either Defendant Verizon or Defendant Kostick "agreed to act as [Plaintiff's] 'agent' in transferring her data from one phone to another." (Id. at 18.) Defendant Verizon also states that the gist of the action doctrine would preclude a claim for a breach of fiduciary duty that stems from an underlying contractual relationship between the parties. (Id.)[10] Further, Defendant Verizon states that Plaintiff's relationship with Verizon constituted "a typical consumer relationship in which Verizon Wireless provided service to a customer[,]" which "falls far short of creating an agency relationship, and [Plaintiff] has not met her burden in alleging otherwise." (Id. at 19.) In response, Plaintiff maintains that a fiduciary relationship existed between Plaintiff and Defendant Verizon, who "agreed to act for Plaintiff in provided telephone and internet based computer services and . . . had full control over" Plaintiff's phone. (Doc. No. 10 at 5.) Plaintiff adds that "[e]ven as a matter of social policy in today's technologically-governed age of storing sensitive personal information on mobile devices, a fiduciary duty should be imputed to every carrier to prevent the dissemination of personal information." (Id.)

---

[10] Defendant Verizon also states that "the Court may not imply an agreement to act as [Plaintiff's] agent on some other basis, including what [Defendant] Kostick may have said to [Plaintiff] in the store[,]" citing the customer service agreement, which Defendant states, precludes Plaintiff from "rely[ing] on any other documents, or on what's said by any Sales or Customer Service Representative" outside of what is stated in the text of the agreement. (Doc. No. 10 at 18.)

### 3. Whether Plaintiff's Complaint Has Stated a Claim for Breach of Fiduciary Duty Against Defendant Verizon

The Court finds that Plaintiff's claim is not barred by the gist of the action doctrine because it ultimately sounds in tort, rather than contract, but that because of the tort-based nature of this claim, consistent with the Court's discussion supra, this claim must be dismissed as to Defendant Verizon because Defendant Verizon cannot be held liable for Defendant Kostick's conduct by operation of the doctrine of respondeat superior. Plaintiff's complaint states that under the customer agreement between her and Defendant Verizon, Defendant Verizon "agreed to act for [] Plaintiff in providing telephone and internet based computer services and while doing so had full control over both of Plaintiff's [p]hones" and "[t]he scope of the agreement was for [Defendant Verizon's] employees to transfer data, not to access the data or transmit the data to another cellular telephone without the consent, knowledge[,] or permission of the principal." (Doc. No. 1-3 ¶¶ 35, 37.) While Defendant Verizon advances the position that because Plaintiff is ultimately asserting a claim for breach of contract that is duplicative of her contract claim asserted through Count VI of the complaint, the Court finds that, in this instance, Plaintiff's breach of fiduciary claim sounds in tort because it alleges a breach of a duty that exists as a matter of social policy, rather than as the result of any purported contractual duties between the parties; when Plaintiff entrusted Defendant Kostick with her phone for purposes of transferring the data thereon to her new phone, she would not have expected for the complained-of conduct to have occurred, and the breach of this duty falls outside the relevant portions of the agreement that, according to Plaintiff, set forth Defendant Verizon's obligations concerning customer privacy. See Certainteed Ceilings Corp. v. Aiken, No. 14-cv-3925, 2015 WL 410029, at *10 (E.D. Pa. Jan. 29, 2015) (discussing applicability of the gist of the action doctrine to claims for breach of fiduciary duty in the context of employment contracts and acknowledging that "some

courts that have examined the application of the gist of the action doctrine to claims for breach of

fiduciary duty have concluded that fiduciary duties are imposed as a matter of social policy");

see also Ginley v. E.B. Mahoney Builders, Inc., Edwin B. Mahoney, No. 04-cv-1986, 2005 WL

27534, at *2 (E.D. Pa. Jan. 5, 2005) ("To determine where the gist of the action lies, a court must

ascertain whether the parties' obligations have been defined by mutual consensus, or rather by

larger social policies embodied in the law of torts, with the contract being merely collateral or

incidental." (citing Quorum Health Res., Inc. v. Carbon-Schuylkill Community Hosp., Inc., 49 F.

Supp. 2d 430, 432 (E.D. Pa. 1999); Bohler-Uddenholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d

79, 103-04 (3d Cir. 2001))).

While Plaintiff's breach of fiduciary claim is not barred by the gist of the action doctrine,

dismissal of this claim as to Defendant Verizon is nonetheless proper because, as explained

previously, vicarious liability under the theory of respondeat superior is not applicable to

Defendant Verizon in this case.[11]  Accordingly, the Court will grant Defendant's motion as to

Count V of Plaintiff's complaint and dismiss Plaintiff's claim for breach of fiduciary duty

against Defendant Verizon with prejudice.[12]

### C.    Plaintiff's Claim for Breach of Contract (Count VI)

#### 1.    Applicable Legal Standard

A claim for breach of contract under Pennsylvania law consists of the following

elements: "(1) the existence of a contract, including its essential terms, (2) a breach of the

contract; and[] (3) resultant damages."  See Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.

---

[11] See supra Section III(A)(3).

[12] Consistent with the Court's discussion of the propriety of amendment as it pertains to
Plaintiff's other claims asserted under the theory of respondeat superior, the Court also finds that
amendment of this claim would be futile, and, accordingly, will dismiss this claim against
Defendant Verizon with prejudice.

v. Law Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016) (citing J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).  "When a written contract is clear and unequivocal its meaning must be determined by its contents alone." Brown v. Agway Energy Servs., LLC, 328 F. Supp. 3d 464, 472 (W.D. Pa. 2018) (quoting Robert F. Felte, Inc. v. White, 302 A.2d 347, 351 (Pa. 1973)), appeal docketed, Brown v. Agway Energy Servs., LLC, No. 18-3285 (3d Cir. Oct. 18, 2018).  "Federal courts do not require a plaintiff to attach the alleged contract to the complaint." AM Logistics, Inc. v. Sorbee Int'l, LLC, No. 03-cv-2876, 2014 WL 99451, at *3 (E.D. Pa. Jan. 9, 2014) (citing Transport Int'l Pool, Inc. v. Ross Stores, Inc., No. 06-cv-1812, 2009 WL 1033601, at *8-9 (E.D. Pa. Apr. 15, 2009); Jones v. Select Portfolio Servicing, Inc., No. 08-cv-972, 2008 WL 1820935, at *10 (E.D. Pa. Apr. 22, 2008)).  "In addition, '[w]hen a plaintiff pleads a contract according to its legal effect, the complaint does not need to resort to a formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond.'" Id. (alteration in original) (quoting Transport Int'l Pool, 2008 WL 1033601, at *3).

### 2. Arguments of the Parties

Defendant Verizon asserts that Count VI, which sets forth a claim for breach of contract, is not a cognizable claim because this count "identifies no duty imposed by the customer agreement."  (Doc. No. 4 at 20.)  According to Defendant Verizon, while Plaintiff alleges that through his actions, Defendant Kostick "breached the parties' agreement, which supposedly provided 'that the data was to be transferred only and not accessed or duplicated'" and "[t]he written agreement between the parties imposes no such obligation."  (Id.) (citing Doc. No. 1-3 ¶ 42.)  In opposition, Plaintiff states that this claim should not be dismissed because it identifies a

duty imposed by the customer agreement, which, according to Plaintiff, "imposed an obligation on Defendant [Verizon] to follow through with the promises it made regarding Plaintiff's personal information."  (Doc. No. 10 at 5-6.)  Plaintiff points to a link within the customer agreement to Defendant Verizon's "Full Privacy Policy," attached as Exhibit A to Plaintiff's brief in opposition (Doc. No. 10-1),[13] which, according to Plaintiff, states that "Verizon has technical, administrative[,] and physical safeguards in place to help protect against unauthorized access to, use[,] or disclosure of customer information we collect or store, including social security numbers" (Doc. No. 10 at 6).  According to Plaintiff, the policy states that "[e]mployees [of Defendant Verizon] are trained on the importance of protecting privacy and on the proper access to, use[,] and disclosure of customer information[,]" and that "access to sensitive personally identifiable information is authorized only for those who have a business need for such access."  (Id.)  Plaintiff states, in sum, that Defendant Verizon's "representations to Plaintiff imposed an obligation on Defendant [Verizon] to follow through with the promises it made regarding Plaintiff's personal information" in that "Plaintiff had an expectation of privacy created by [Defendant Verizon's] Full Privacy Policy[,] which is refenced in the contract and, as such, integrated therein."  (Id.)[14]

_____

[13] Although it is unclear from the exhibit itself, the Court notes that Plaintiff describes the privacy policy as accessible through the customer agreement between her and Defendant Verizon.  Specifically, Plaintiff states that the customer agreement includes the following language: "You can find out how we use, share[,] and protect the information we collect about you in our [p]rivacy [p]olicy, available at verizon.com/privacy."  (Doc. No. 10 at 6.)

[14] In its reply brief, Defendant Verizon maintains that dismissal of Plaintiff's contract claim is warranted because, inter alia, "[i]n her [o]pposition, Plaintiff points for the first time to the privacy policy on Verizon Wireless's website . . . and argues that because the website hosting the Policy was 'referenced in the contract,' the Policy amounts to a contract[,]" an argument Defendant describes as meritless on the basis that "Plaintiff never attached, cited, or even alluded to the [p]olicy in the [c]omplaint, much less alleged that it was the contract at issue, and thus the Court should not consider it."  (Doc. No. 11 at 9.)  In addition, Defendant Verizon asserts that "more to the point, the Privacy Policy is not a contract" under pertinent case law, and "Plaintiff

### 3. Whether Plaintiff's Complaint Has Stated a Claim for Breach of Contract Against Defendant Verizon

The Court finds that Plaintiff has failed to state a claim for breach of contract against Defendant Verizon based on the facts set forth in Plaintiff's complaint. The Court acknowledges that while the Federal Rules of Civil Procedure do not require her to attach a copy of the relevant contractual documents to the complaint for purposes of the Court's Rule 12(b)(6) analysis, Plaintiff must, nonetheless, "allege facts sufficient to place [] [Defendant Verizon] on notice of the contract claim in such a way that" Defendant Verizon "can reasonably respond." See Kingdom Empowerment Int'l Ministries v. Chubb Custom Ins. Co., No. 16-cv-1640, 2016 WL 7423142, at *1 (E.D. Pa. May 11, 2016) (citing Transport Int'l Pool, 2008 WL 1033601, at *3). Upon review of the pertinent portions of the complaint, the Court finds that Plaintiff has failed to meet this standard, for the complaint alleges, in pertinent part, only the following:

41. Plaintiff and [Defendant Verizon] had an agreement whereby she would purchase a new iPhone from [Defendant Verizon] and [Defendant Verizon] would transfer the data from her current Android telephone to the new iPhone[;]

42. The existence of a contract, including its essential terms, were clear that the data was to be transferred only and not accessed or duplicated[;]

43. [Defendant Verizon's] employee, Brandon Kostick, intentionally and knowingly and without authorization from [] Plaintiff, breached the contract by improperly accessing her computer (iPhone) and made an unlawful duplication of 14 personal private images, sending the same to his personal cellular telephone via text message[;] [and]

44. As a direct result of the unlawful access and duplication of the personal private images, [] Plaintiff suffered and continues to suffer damages in the form of emotional distress.

(Doc. No. 1-3 ¶¶ 41-44.) These allegations do not suffice to place Defendant Verizon on notice of Plaintiff's breach of contract claim so as to afford Defendant Verizon an adequate opportunity

---

cites no case law supporting her position" that the Privacy Policy imposed a contractual duty on Defendant Verizon for purposes of Plaintiff's contract claim. (Id. at 10.)

to respond to the claim; Plaintiff does not describe the source of the alleged contractual duty involved, nor does Plaintiff articulate how Defendant Kostick's actions would have constituted a breach of any alleged duty. Additionally, as Defendant Verizon aptly notes in its reply brief, to the extent Plaintiff asserts that Defendant Verizon owed Plaintiff a duty not to permit the data on her phone to be distributed improperly by virtue of Defendant Verizon's privacy policy, Plaintiff refers to this policy for the first time in her opposition brief, and that "Plaintiff never attached, cited, or even alluded to the [p]olicy in the [c]omplaint, much less alleged that it was the contract at issue" is certainly of significance. (Doc. No. 11 at 9.) Regardless of Plaintiff's ostensible reliance on the privacy policy described in her opposition brief, the Court cannot ascertain the basis for Plaintiff's breach of contract claim against Defendant Verizon based on the allegations in the complaint, and, consequently, will dismiss Count VI of the complaint without prejudice to Plaintiff's right to file an amended complaint that cures the aforementioned pleading deficiencies.[15]

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Defendant Verizon's motion to dismiss (Doc. No. 4), dismiss the claims asserted against Defendant Verizon at Counts I through V, VII, and VIII with prejudice, and dismiss Count VI without prejudice to Plaintiff's right to file an amended complaint that cures the pleading deficiencies identified herein. The Court will also

---

[15] In doing so, the Court reminds Plaintiff that in order to avoid dismissal under Rule 12(b)(6), the amended complaint should included allegations that "sufficiently put Defendant [Verizon] on notice as to the contract's existence, the purported breach, and the damages sought." See Kingdom Empowerment Int'l Ministries, 2016 WL 7423142, at *1 (citing Sun Co. (R&M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 375 (E.D. Pa. 1996)). The Court also observes that, while the Federal Rules do not require Plaintiff to attach the contract documents to the complaint, "it may be good practice" to do so. See Scholar Intelligent Solutions, Inc. v. N.J. Eye Ctr., P.A., No.13-cv-642, 2013 WL 2455959, at *2 (D.N.J. June 5, 2013).

direct Plaintiff to submit a report as to the status of her claims asserted against Defendant

Kostick.[16]  An appropriate Order follows.

---

[16] As noted previously, Defendant Kostick has neither entered in appearance in this case nor participated in the case in any way that would be discernible to the Court from the docket.  Upon reviewing Plaintiff's complaint, the Court finds it unclear which exact claims Plaintiff has asserted against Defendant Kostick, who has been named as a defendant separately from Defendant Verizon.  Because it appears that any claims against Defendant Kostick are currently pending, the Court will direct the filing of a report from Plaintiff as to the status of Defendant Kostick's participation in this case.